UNITED STATES *v.* WILLIAM J. OBERLE, INC.

No. 6062.—Invoice dated Koln-Mulheim, Germany, November 26, 1935.
Certified December 4, 1935.
Entered at New Orleans, La., December 28, 1935.
Entry No. 1773–1/4.

Third Division, Appellate Term

(Decided October 26, 1944)

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the appellant.

*Wallace & Schwartz* (*Barnes, Richardson & Colburn* by *Joseph Schwartz* of counsel) for the appellee.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is an application for review of the decision of the trial court in *William J. Oberle, Inc.* v. *United States,* Reap. Dec. 5960.

The merchandise involved consists of steel wire rope exported from Germany under invoices dated November 26, 1935. Entry was made on December 28, 1935. The merchandise was appraised on January 18, 1937.

At the trial evidence was introduced as to the correct value of the merchandise and also to show that the merchandise had never been legally appraised. The trial court held that the appraisement was null and void *ab initio*. In its assignments of error the Government claims that the court below erred in holding the appraisement null and void *ab initio;* in holding that the designation and examination

was not subject to the Customs Administrative Act of 1938 modifying section 499, Tariff Act of 1930; in not referring the entries to the appraiser for the purpose of appraising the merchandise; in not finding a value for the merchandise; in finding that the collector should take duty upon the entered value; in denying the Government's motion to extend its time to file briefs until 30 days after the decision and judgment in Reap. No. 119515–A and 136597–A.

In the latter connection, the Government contends that the same issue is involved in *North American Mercantile Co.* v. *United States*, Reap No. 119515–A, now pending on application for review of Reap. Dec. 5680 and 5721 in this division. In that case, the importer argued that this court had authority under the Customs Administrative Act of 1938 to find value even though the appraisement took place prior to the enforcement date of that act. Since the Government took the opposite position in that case, it has been unable to take a contrary position in the instant case. Therefore it made a motion before the court below and before this division for leave to file its brief after the *North American Mercantile* case, *supra*, had been decided. Those motions were denied.

On the "Summary of entered value, examination and appraisement," only the words "wharf" and "measure" appear in the space headed by the words "Packages to be examined." In *United States* v. *Stauffer Eshleman & Co., Ltd.*, Reap. Dec. 5732, under the heading "Packages to be examined," the collector wrote "wharf" with no mention of any particular number of packages to be examined. It was held that the word "wharf" was not a designation of any quantity of merchandise but merely a designation of the place of examination; that the collector must designate both the number of packages to be examined and the place of examination; that the appraisement was null and void *ab initio*. The designation in the instant case is similarly inadequate.

At the trial Eugene M. Bertaut, who was examiner's clerk at the port of New Orleans at the time of the entry, testified that the appraised values written in red ink on each invoice were written by him. He never examined any of the merchandise nor was any of it ever sent to the public stores. At that time Mr. Heroy, who has since died, was the examiner who handled this type of merchandise. Mr. Bertaut testified that he did not know whether Mr. Heroy went to the wharf and examined at least 10 per centum of the merchandise, and that he acted under instructions from Mr. Heroy, but that the report of value was written and signed by him.

Section 499 of the Tariff Act of 1930 provides in part:

Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, except as otherwise provided in this Act, until it has been inspected, examined, or appraised and is reported by the appraiser to have been

truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. * * *.

It has been consistently held that the provisions for the designation of merchandise for the purpose of appraisement are mandatory. *United States* v. *Gilson Bros.*, 20 C. C. P. A. 117, T. D. 45753, and cases there cited. A failure to examine at least 1 package out of every 10 packages renders the appraisement void. *United States* v. *V. W. Davis*, 20 C. C. P. A. 305, T. D. 46087. The power of the United States Customs Court to find value in cases where the valuation found by the local appraiser is erroneous or void was set forth in *United States* v. *F. W. Woolworth Co.*, 22 C. C. P. A. 184, T. D. 47126, as follows (pp. 191–192):

* * *. Accordingly we feel that in cases where the tribunals of the United States Customs Court, when functioning in reappraisement proceedings, find erroneous the valuation of the local appraiser, they should themselves find value if the record warrants such a finding. Their authority is ample, and, in our opinion, the duty so to do is mandatory. Unless it is done by them it cannot be done. This court is without the power which is theirs, and we know of no other tribunal to which those interested may turn.

It will be observed that in the preceding paragraph we have used the expression "in which appraisement is required and in which the elements are present that enable appraisement."

* * * * * * *

Also it may happen that elements essential to a legal appraisement may be lacking. Under such circumstances, where the appraisement of the local appraiser is found to be invalid, the tribunals of the Customs Court, of course, are unable to find value, and an anomalous situation is unavoidably created.

Again in *United States* v. *Daniel F. Young, Inc.*, 27 C. C. P. A. 124, C. A. D. 73, it was said (p. 131):

It is well settled that where it appears that an appraisement by a local appraiser is invalid and void, the trial court, on an appeal for reappraisement, and, in turn, the appellate division of the Customs Court, should so hold, and that, in such cases, neither of those courts has authority to find values. (Citing cases.)

However, it is apparently claimed by the Government here that this court has the right to find value in the instant case by virtue of the Customs Administrative Act of 1938, despite the fact that the appraisal was made prior to the effective date of that act. Section 16 of that act added the following paragraph to section 499 of the Tariff Act of 1930:

No appraisement made, after the effective date of the Customs Administrative Act of 1938 shall be held invalid on the ground that the required number of packages or the required quantity of the merchandise was not designated for examination or, if designated, was not actually examined, unless the party claiming such invalidity shall establish that merchandise in the packages or quantities not designated for examination, or not actually examined, was different from that actually examined and that the difference was such as to establish the incorrectness of the appraiser's return of value; and then only as to the merchandise for which the value returned by the appraiser is shown to be incorrect.

It also amended section 501 of the Tariff Act of 1930 by striking out the fourth sentence of the first paragraph and inserting:

Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and shall be assigned to one of the judges, who shall in every case, notwithstanding that the original appraisement may for any reason be held invalid or void and that the merchandise or samples thereof be not available for examination, after affording the parties an opportunity to be heard on the merits, determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing.

It also added to section 501 a new subsection as follows:

(c) If upon the hearing of a protest, the United States Customs Court shall declare an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge, who shall proceed to determine the proper dutiable value of such merchandise in the manner provided for by this section. In such proceeding no presumption of correctness shall attach to the invoice or entered values.

It seems quite clear, however, that those sections were not to be retroactive. The addition to section 499 provides: "No appraisement *made after the effective date of the Customs Administrative Act of 1938* shall be held invalid * * *." The portion in italics was added by the Senate Committee on Finance. The report accompanying the amendment stated: "The purpose of this amendment is to provide that subsection (a) of section 16 shall not be retroactive." (75th Congress, Third Session, Calendar No. 1528, Senate Report No. 1465, to accompany H. R. 8099, p. 4.) A similar statement was made when the bill was sent to conference (75th Congress, Third Session, House of Representatives, Report No. 2677, Conference Report to accompany H. R. 8099, p. 7.)

In *United States* v. *Fischer*, C. A. D. 286, seventy-five of the appraisements were made prior to July 25, 1938 (the effective date of the Customs Administrative Act) and the balance thereafter. The appraiser had added a certain amount for shrinkage. The trial court held that the appraisements were not invalid and void nor erroneous, and granted a motion to dismiss since no evidence of value had been offered. On appeal to the Court of Customs and Patent Appeals, the court affirmed as to the appraisements made prior to July 25, 1938, and reversed as to the balance, holding that as to the latter the trial court was under a duty to determine value.

We find that there was a failure to designate packages for examination and to perform a valid appraisement and on the authority of the decisions above-cited we hold that the appraisement was invalid and void as was held by the trial court.

The decision and judgment below are affirmed.

Judgment will be rendered accordingly.